UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AHMIR COLE,

                              Petitioner,

                                                      **Hon. Hugh B. Scott**

                                                      11CV912

                    v.                                **CONSENT**

                                                      **Order**

PAUL CHAPPIUS, Superintendent of
Elmira Correctional Facility,

                              Respondent.

        Before the Court is petitioner's motion for relief under Federal Rule of Civil

Procedure 60(b)(3) (Docket No. 49), following denial of habeas corpus relief (Docket No. 42;

see Docket No. 43, Judgment).  Reconsideration and certificate of appealability were denied

(Docket No. 45; cf. Docket No. 44), and mandate later was issued by the United States Court of

Appeals for the Second Circuit dismissing the appeal (Docket No. 48).  Familiarity with these

proceedings, and the Order of April 7, 2014 (Docket No. 42), is presumed.  The parties

consented to proceed before the undersigned as Magistrate Judge on March 12, 2012 (Docket

No. 12).

                                BACKGROUND

        This is a habeas Petition, with petitioner proceeding pro se as an inmate.  He was

convicted of nineteen counts in two severed trials for various offenses.  Pertinent to this motion

(and leading to his current life sentence, see Docket No. 42, Order at 2-3, 5), petitioner

challenges the sufficiency of the evidence (during his first trial) for his first degree murder conviction for the April 14, 2006, killing of George Pitliangus (see Docket No. 49, Pet'r Motion, Ex. B, Tr. of Mar. 6, 2007, at 1153 [hereinafter "Tr."]; Docket No. 1, Pet., at 8; Docket No. 34, Am. Pet., at 81-83; Docket No. 42, Order at 2).  One element for conviction of violation of New York Penal Law § 125.27(1)(a)(vii) for murder in the first degree is that the person is "more than eighteen years old at the time of the commission of the crime," N.Y. Penal L. § 125.27(1)(b) (see also Docket No. 42, Order at 12).  For this motion, the element at issue is petitioner's age; he contends that there was insufficient proof for this element.

Respondent initially argued that petitioner made only a general motion for a trial order of dismissal (Docket No. 11, Resp't Memo. at 10, 11; Docket No. 38, Resp't Supp'al Memo. at 12-13; Tr. at 1032), without expressly arguing the insufficiency of proof of petitioner's age. Respondent asserted that the Appellate Division's holding that this claim was not preserved for its review provided a state procedural bar to habeas review (Docket No. 11, Resp't Memo. at 10-11).

On April 7, 2014, this Court entered an Order dismissing the habeas Petition, concluding (among other reasons) that petitioner's sufficiency of evidence claims were procedurally barred because he failed to preserve the issue for initial appellate review (Docket No. 42, Order at 12-13).  This Court acknowledged, but did not adopt, respondent's alternative arguments that sufficient evidence of petitioner's age was presented to the jury (cf. id. at 12).  Judgment dismissing this habeas Petition was entered on April 8, 2014 (Docket No. 43).

Petitioner dated this present motion on March 31, 2015, with proof of service upon respondent's counsel that day (Docket No. 49).  Here, petitioner contends that respondent

2

perpetrated a fraud or misrepresentation upon this Court as to whether petitioner asserted the

absence of evidence for the age element for the murder in the first degree count (id.).  Petitioner

now presents a portion of the argument following the jury charge, wherein defense counsel

argued for dismissal of the murder count for insufficient evidence of petitioner's age (Docket

No. 49, Pet'r Motion, Ex. B).  He also contends that his defense counsel made a timely motion

for an Order of dismissal based upon the absence of proof of petitioner's age (id. ¶ 15).

Upon review of this motion, rather than require respondent to brief this motion, this Court

addresses the motion now.

## DISCUSSION

I.      Applicable Standards, Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides grounds from relief from a final judgment

for (3) fraud, misrepresentation, or misconduct, Fed. R. Civ. P. 60(b)(3).  This motion must be

made "within a reasonable time" and for reasons under 60(b)(3) "no more than one year after

entry of the judgment or order or the date of the proceeding," Fed. R. Civ. P. 60(c)(1).

A motion for relief under Rule 60(b) is "generally granted only upon the showing of

exceptional circumstances," Mendell v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990), aff'd,

501 U.S. 115 (1991); Salamon v. Our Lady of Victory Hosp., 867 F. Supp. 2d 344, 360

(W.D.N.Y. 2012) (Skretny, Ch. J.) (denying reconsideration); Tafari v. Stein, No. 01CV821,

2009 U.S. Dist. LEXIS 39453, at *5 (W.D.N.Y. May 8, 2009) (Scott, Mag. J.).  As noted by the

United States Court of Appeals for the Second Circuit, "the standard for granting [a motion for

reconsideration] is strict, and reconsideration will generally be denied unless the moving party

can point to controlling decisions or data that the court overlooked–matters, in other words, that

might reasonably be expected to alter the conclusion reached by the court," <u>Shrader v. CSX Transp.</u>, 70 F.3d 255, 257 (2d Cir. 155).  As this Court noted "the decision whether to grant or deny a motion to reconsider lies in this Court's discretion . . . . Motions for reconsideration are not to be used as a means to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision," or "to give the unhappy litigant one additional chance to sway the judge," <u>1199 SEIU Pension Fund v. Eastern Niagara Hosp.</u>, No. 13CV323, 2013 U.S. Dist. LEXIS 144047, at *2-3 (W.D.N.Y. Oct. 4, 2013) (McCarthy, Mag. J.) (quoting <u>United States v. Kasper</u>, No. 10CR318, 2012 U.S. Dist. LEXIS 90949, at *2-3 (W.D.N.Y. June 29, 2012) (Skretny, Ch. J.) (citations omitted)); <u>see</u> <u>McCarthy v. Manson</u>, 714 F.2d 234, 237 (2d Cir. 1983); <u>Salamon</u>, <u>supra</u>, 867 F. Supp. 2d at 360.

II.   Application

First, petitioner's motion is timely under Rule 60(c)(1).  As a motion for reconsideration under Rule 60(b)(3), petitioner needed to file the motion within one year of the Judgment (Docket No. 43), or by April 8, 2014.  Petitioner dated the motion March 27, 2015, and swore an affidavit of service upon respondent on March 31, 2015 (by placing the motion in the mail receptacle in the Elmira Correctional Facility law library), but it was filed by the Court Clerk on April 10, 2015 (Docket No. 49).  Under the "mailbox rule," a <u>pro se</u> prisoner litigant's papers are deemed to have been filed when they are placed in the hands of prison officials for mailing, <u>see</u> <u>Houston v. Lack</u>, 487 U.S. 266, 271 (1988); <u>see also</u> <u>Dory v. Ryan</u>, 999 F.2d 679, 682 (2d Cir. 1993), <u>modified on reh'g</u>, 25 F.3d 81 (2d Cir. 1994).

As for petitioner's allegations of fraud against the Court, he contends that his age was contested at trial and that respondents are committing fraud upon the Court in insisting otherwise

4

(Docket No. 49, Pet'r Aff. ¶¶ 9-13), arguing that petitioner's defense counsel made a timely

motion for a trial order of dismissal (id. ¶ 15).  Petitioner, however, did not include this defense

motion in his present moving papers.

This Court reviewed the state court record and found that, on March 6, 2007, during the

first trial, defense counsel made a general motion at the close of the charging conference arguing

the "lack of prima facie showing on each and every element of the crimes in the indictment" (Tr.

at 1032), which the court denied (id.).  Defense counsel later made an oral motion (Tr. at 1150-

54; see Docket No. 49, Pet'r Motion, Ex. B) following the jury instruction (see also Tr. at 1114

(jury charge element of first degree murder that People had to establish that petitioner was more

than 18 years of age at the time of the commission of the crime)).  Although defense counsel

amplified in this motion the insufficiency of the evidence of petitioner's age for the first degree

murder count (Tr. at 1150) and the trial judge denied this defense motion (Tr. at 1153-54), the

Appellate Division, Fourth Department, held that this issue was not preserved for its appellate

review, People v. Cole, 68 A.D.3d 1762, 1763, 892 N.Y.S.2d 694, 695-96 (4th Dep't 2009), leave

denied, 14 N.Y.3d 839, 901 N.Y.S.2d 145 (2010).

The issue here for habeas review is whether the procedural bar against this Court's

consideration of petitioner's argument precludes this Court's review of the sufficiency of the

evidence of petitioner's age relative to the first degree murder charge, Reid v. Senkowski,

961 F.2d 374, 377 (2d Cir. 1992) (per curiam) (see also Docket No. 42, Order at 9).  As

previously noted (id.), federal habeas review is barred whenever a state court expressly relies

upon a procedural default (such as here with failure to preserve a claim) as an independent and

adequate state law ground for denying relief, see Harris v. Reid, 489 U.S. 225(1989);

Wainwright v. Sykes, 433 U.S. 72 (1977); Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y. 1995).  Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto.  Sykes, supra, 433 U.S. at 81-91 (1977); Washington v. LeFerve, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986).  "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

Under New York Criminal Procedure Law § 470.05(2), a motion to dismiss must "alert the trial court to the specific deficiency alleged in order to preserve an insufficiency of the evidence claim for appeal; a general motion to dismiss does not suffice," Johnson v. Burge, No. 04CV6101, 2009 U.S. Dist. LEXIS 86703, at *12 (W.D.N.Y. Sept. 22, 2009) (Telesca, J.); see People v. Gray, 86 N.Y.2d 10, 19-21, 629 N.Y.S.2d 173 (1995) (see Docket No. 11, Resp't Memo. at 10-11; Docket No. 38, Resp't Supp'al Memo. at 12-13).  This procedural bar has been upheld as adequate, Johnson, supra, 2009 U.S. Dist. LEXIS 86703, at *13-16; Evans v. Sewkowksi, No. 03CV416, 2006 U.S. Dist. LEXIS 69026, at *15-16 (W.D.N.Y. Sept. 26, 2006) (Skretny, J.)(finding the invocation of the state procedural bar rule to be adequate even where petitioner's trial counsel made a general motion to dismiss at the end of the prosecution's case and, after defense rested, sought to renew earlier motion without arguing a specific rationale to support the application).

Petitioner argued insufficient evidence, producing the transcript of the objection raised after the charge to the jury (Docket No. 49, Ex. B).  Petitioner's counsel first made a generic motion to dismiss against the People making a prima facie case for all the elements for all the offenses alleged (Tr. 1032) only later amplifying this specifically to the age element for one count of first degree murder (Tr. 1150), which the trial court rejected (Tr. 1032, 1153-54).  The Supreme Court, Appellate Division, held, however, that he did not preserve for review the sufficiency of the evidence of his age for the first degree murder counts because he failed to move at trial for an Order of dismissal, Cole, supra, 68 A.D.3d at 1763, 892 N.Y.S.2d at 695-96. Petitioner produces a portion of the trial court transcript of his counsel's argument challenging the charge for the murder counts (Docket No. 49, Pet'r Motion, Ex. B, Tr. at 1152-54).  There, the attorneys argued, erroneously, that there was proof that he was at least seventeen years old (id. at 1153), although Penal Law § 125.27(1)(b) requires the defendant to be over eighteen years old at the time of commission, and the jury was so charged (Tr. at 1114).  But the issue here is whether such errors were preserved for appellate review, and ultimately for this Court's habeas review.  The Fourth Department apparently accepted the defense first generic motion and found it not to have preserved the issue for review.

As with Evans, supra, 2006 U.S. Dist. LEXIS 69026, the invocation of the state procedural bar is adequate here.  Petitioner has not shown cause for the procedural default in not making the motion to dismiss to preserve the issue on appeal or that actual prejudice exists attributable to the default.  Arguably, the issue was raised in defense counsel's amplification of petitioner's motion at the close of jury instruction, but the Fourth Department did not recognize

7

this as sufficiently preserving the issue for that court's review; this failure (if it is one) does not constitute a ground for habeas review.

It is the non-preservation of the issue on appeal that bars this Court's habeas review of the sufficiency of the proof of petitioner's age for the first degree murder counts.  Petitioner, for reconsideration, argues fraud on the court, but the sole fraud allegation made in the present motion arises from respondent's alternative argument that the jury had adequate proof of petitioner's age to find that he was old enough to be charged with murder, an argument that was not adopted by this Court in denying petitioner habeas relief (cf. Docket No. 42, Order at 12-13). This Court denied the Petition based upon the failure to preserve the sufficiency of evidence claim for initial appellate review.  There is no fraud alleged regarding what was preserved for appellate review and what the Appellate Division decided.

Pertinent to the present motion, however, petitioner had the heavy burden to provide grounds for this Court to reconsider its earlier decision and not merely rehash arguments made or those possibly made initially, Shrader, supra, 70 F.3d at 257; 1199 SEIU Pension Fund, supra, 2013 U.S. Dist. LEXIS 144047, at *2-3; see Mendell, supra, 909 F.2d at 731.  Under the strict standard for considering Rule 60(b) motions, petitioner's motion for reconsideration under Rule 60(b)(3) is **denied**.

III.     Certificate of Appealability

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is **denied**.  Coppedge v. United States, 369 U.S. 438 (1962).  Further requests to proceed

on appeal as a poor person should be directed, on motion, to the United States Court of Appeals

for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

CONCLUSION

For the reasons stated above, petitioner's motion (Docket No. 49) for relief from

Judgment (Docket No. 43; see Docket No. 42) is **denied**.  Certificate of appealability from this

Order is also **denied**.

So Ordered.

/s/ Hugh B. Scott

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       May 6, 2015